```
                UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF TENNESSEE
                       NASHVILLE DIVISION
```

BRUCE ALEXANDER TUCK,           )
                                )
     Plaintiff,                 )
                                )
          v.                    )    NO.  3:10-1054
                                )    Judge Haynes/Bryant
CANDICE GILLIGAN, et al.,       )
                                )
     Defendants.                )

**TO: The Honorable William J. Haynes, Jr.**

## REPORT AND RECOMMENDATION

Defendant Candice Gilligan has filed her motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6) (Docket Entry No. 12). Plaintiff Tuck, a prisoner proceeding pro se, has filed his response in opposition (Docket Entry No. 16).

This motion has been referred to the undersigned Magistrate Judge for a report and recommendation on any dispositive motion (Docket Entry No. 3).

For the reasons stated below, the undersigned Magistrate Judge recommends that defendant Gilligan's motion to dismiss be granted.

## Summary of the Allegations in the Complaint

Plaintiff Tuck has filed his complaint pursuant to 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights while he was confined as a prisoner at the Middle Tennessee Mental Health Institute ("MTMHI") on November 22, 2009. Specifically, plaintiff alleges that he was in the custody of the forensics unit at MTMHI when he was assaulted and beaten while fully restrained by four unknown male technicians. According

to the complaint, plaintiff received extensive injuries including bruising, pain and diminished vision in one eye.  With respect to defendant Gilligan, the complaint asserts that she was the Chief Executive Officer at MTMHI when this alleged assault occurred.  The complaint further charges that defendant Gilligan "has denied that the incident ever happened," and that she "refuses to take phone calls, respond to letters, or cooperate in any way which includes releasing of the names of the technicians." (Docket Entry No. 1 at 10).  Significantly, the complaint fails to allege that defendant Gilligan participated in the assault on plaintiff or that she had any awareness of it until plaintiff reported it after the fact.  Plaintiff has sued defendant Gilligan in both her official and individual capacities.

As relief, plaintiff demands (1) a pardon and executive clemency for his criminal convictions, (2) compensatory and punitive money damages, (3) the invalidation of his mental evaluation, and (4) costs.

### **Standard of Review**

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the court must view the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009).  This requirement of accepting the truth of the complaint's factual allegations does not apply to legal conclusions, however, even where such conclusions are couched as factual allegations. Id. Although Federal Rule of Civil Procedure 8(a)(2) requires merely "a short and plain

2

statement of the claim," the plaintiff must allege enough facts to make the claim plausible. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007). He must plead well enough so that his complaint is more than "a formulaic recitation of the elements of a cause of action." Id. at 555. "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." League of United Latin American Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007).

While a pro se complaint is "to be liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)), "basic pleading essentials" still apply. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1990). Moreover, "[d]istrict courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. To do so would 'require . . . [the courts] to explore exhaustively all potential claims of a pro se plaintiff, . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of advocate seeking out the strongest arguments and most successful strategies for a party.'" Dixie v. Ohio, 2008 WL 2185487, at *1 (N.D. Ohio, May 23, 2008) (quoting Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985)).

### Analysis

The official capacity claim. Defendant Gilligan argues that a suit against a state official acting in her official

3

capacity is a suit against the official's office, which constitutes a suit against the state itself. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Moreover, defendant Gilligan argues that the Eleventh Amendment to the United States Constitution prohibits suits against a state for money damages unless that state has waived its sovereign immunity or Congress has overridden it. See Edelman v. Jordan, 415 U.S. 651 (1974); Whittington v. Milby, 928 F.2d 188, 193 (6th Cir. 1991) ("a state agency may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity or Congress has overridden it.") The state of Tennessee has not waived its sovereign immunity and consented to be sued in civil rights actions in federal court. See Berndt v. State of Tenn., 796 F.2d 879, 881 (6th Cir. 1986).

Plaintiff in his response in opposition (Docket Entry No. 16) has failed to address the Eleventh Amendment defense to his suit against defendant Gilligan in her official capacity.

From a review of the complaint and the authorities referenced above, the undersigned Magistrate Judge finds that, to the extent defendant Gilligan is sued in her official capacity, this claim amounts to a suit against the state of Tennessee itself, which is barred by the Eleventh Amendment. Therefore, plaintiff's claims against defendant Gilligan in her official capacity must be dismissed.

The individual capacity claim. Plaintiff also sues defendant Gilligan in her individual capacity. Defendant Gilligan argues that this claim is subject to dismissal pursuant to Rule

4

12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

Plaintiff Tuck in his response in opposition argues that defendant Gilligan "is legally responsible for the overall operation of the facility where the incident occurred and for the welfare of all the inmates that are housed at the facility for evaluation." (Docket Entry No. 16 at 1-2). Plaintiff further maintains that defendant Gilligan "was made aware of the incident and took no action and therefore through her inaction was in essence a sanctioning of the illegal acts being committed by the staff for which she is responsible." Id. In substance, plaintiff Tuck argues that defendant Gilligan, as CEO of MTMHI, is legally liable for the acts of all employees at the facility, presumably in reliance upon the legal doctrine of *respondeat superior*.

A plaintiff pursuing a civil rights action under 42 U.S.C. § 1983 must allege and prove that a defendant official was personally involved in the alleged unconstitutional activity set forth in the complaint. Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984). Liability in a § 1983 action cannot be imposed on a party based upon the doctrine of *respondeat superior* "absent a showing that the official either encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a plaintiff must show that the official at least implicitly approved, or knowingly acquiesced in, the unconstitutional conduct of the offending officers." Hays v. Jefferson County, 668 F.2d 869, 874 (6th Cir. 1982). The allegations of the complaint must demonstrate that there is some

causal connection between the misconduct complained of and the official suit. Dunn v. State of Tenn., 697 F.2d 121, 128 (6th Cir. 1982).

The undersigned Magistrate Judge finds that the factual allegations in the complaint fail to state a plausible claim upon which relief can be granted. Specifically, the complaint contains no allegation that defendant Gilligan encouraged, approved, knowingly acquiesced in or otherwise directly participated in the alleged assault on plaintiff. In fact, a fair reading of the complaint suggests that defendant Gilligan had no knowledge of the alleged assault until it was reported by plaintiff some time after the fact. Therefore, the undersigned Magistrate Judge finds that the complaint against defendant Gilligan must be dismissed for failure to state a claim upon which relief can be granted.

Defendant Gilligan also argues in her supporting memorandum (Docket Entry No. 13 at 9-10) that this Court lacks the authority to grant plaintiff executive clemency or to invalidate the results of his mental evaluation pursuant to the *Rooker-Feldman* doctrine. Given that the undersigned Magistrate Judge finds that the complaint against defendant Gilligan must be dismissed for the other reasons described above, the Court finds it unnecessary to address the *Rooker-Feldman* doctrine here.

## RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that defendant Gilligan's motion to dismiss be **GRANTED**, and that the complaint against her be **DISMISSED** with prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>reh'g</u> <u>denied</u>, 474 U.S. 1111 (1986).

      **ENTERED** this 7th day of April, 2011.

                              <u>s/ John S. Bryant</u>
                              JOHN S. BRYANT
                              United States Magistrate Judge