UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BRUCE TUCK, )
)
    Plaintiff, )
)
v. ) No. 3:10-cv-1054
) Chief Judge Haynes
VIJAY RAMGOPAL, *et al.*, )
)
    Defendants. )

## ORDER

The Plaintiff, proceeding *pro se* and *in forma pauperis*, requests assistance in obtaining service of the *subpoena duces tecum* enclosed with the Plaintiff's May 24, 2013 letter to the Clerk of Court. (Docket No. 102). 28 U.S.C. § 1915(d) provides that "[t]he officers of the court shall issues and serve all process, and perform all duties in such cases. Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases." The Marshal's Service is required under this provision to serve an indigent party's *subpoena duces tecum*, but under certain circumstances, a district court may relieve the Marshal's Service of its statutory duty to make service. *See* 9A *Federal Practice and Procedure* § 2454 (3d ed.).

Here, there are no apparent circumstances which would warrant relief from this statutory duty. Accordingly, the Court hereby **ORDERS** the Marshal's Service to serve the *subpoena duces tecum* attached to Docket No. 102. Because the subpoena does not require the attendance of any witness, the fees for one day's attendance and the mileage allowed by law need not be tendered. *See Fed. R. Civ. P.* 45(b)(1). The Plaintiff should be aware, however, that his *in forma pauperis* status does not exempt him from payment of such fees and mileage, where applicable. *See Smith v. Yarrow*, 78 Fed. Appx. 529, 544 (6th Cir. 2003)("A prisoner plaintiff proceeding in forma pauperis may seek a waiver of certain pretrial filing fees, but there is no constitutional or statutory

requirement that the government or Defendant pay for indigent prisoners' discovery efforts.").

It is so **ORDERED**.

**ENTERED** this the _19th_ day of _June_, 2013.

_____
William J. Haynes, Jr.
Chief United States District Judge